IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FREESIA SELAH BRINDISI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-25-186-SLP |
| | ) |
| BLUE CROSS BLUE SHIELD OF | ) |
| OKLAHOMA and HEALTH CARE | ) |
| SERVICE CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court are multiple motions filed by Plaintiff, Freesia Selah Brindisi (Plaintiff) who appears pro se in this matter. *See* Doc. Nos. 15-24. Plaintiff's pending Motions fall into two general categories – those challenging the conduct of opposing counsel and those requesting various types of accommodations for accessing and/or entering the Court. For the reasons that follow, Plaintiff's Motions are DENIED.

**1)   Motion to not be Suppressed or Oppressed in Our Legal System or Courts [Doc. No. 15]**

In this Motion, Plaintiff claims opposing counsel have impermissibly moved to strike her Complaint and that such conduct is a restraint on her "freedom of speech." Doc. No. 15 at 1. Plaintiff appears to reference Defendants' pending Motion for Judgment on the Pleadings or, in the Alternative, Motion to Strike and for a More Definite Statement [Doc. No. 14]. Defendant's Motion is procedurally proper and recognized by the Federal Rules of Civil Procedure. Plaintiff has the opportunity to respond to this Motion and therefore, her rights are not being restrained. Plaintiff's Motion, therefore, is denied.

### 2) Motion that a High Standard of Excellence Be Held in Our Courts [Doc. No. 16]

Plaintiff claims that she is "not being treated with equality by opposing counsel" and that they are not entitled to "do whatever they want even if they find a loop hole in the law." Doc. No. 16 at 1. This Court is mindful of the ethical obligations of lawyers and Plaintiff can be assured that the Court will not permit unethical conduct to occur. Plaintiff's vague and conclusory allegations of misconduct by Defendant's counsel, however, do not warrant relief.

### 3) Motion for Fairness [Doc. No. 17]

In this Motion, Plaintiff claims that "[t]he citizens of Oklahoma are not treated the same as citizens out in California or other Pro-forma states, in that our local legal system in Oklahoma is geared and programmed to prevent people from going to court, hence the difficulty." Doc. No. 17 at 1. As relief, she requests that "fairness be applied at every step in this case" and that it be noted that she appears pro se. *Id*. at 2. The record does not reflect that Plaintiff has been denied access to the Court. Instead, the record reflects that she has submitted numerous filings and appeared before the Court for a status conference. The Court will apply a liberal construction to Plaintiff's filings as a pro se litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). However, the Court will not act as advocate on behalf of Plaintiff. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

And Plaintiff is required to follow the same rules of procedure as other litigants. *Id*. Because Plaintiff does not request any specific relief, the Motion is denied.

### 4) Motion to Kick Out City Slickers from Our Courts [Doc. No. 18]

Referring to opposing counsel, Plaintiff requests that "city slickers be kicked out of our courts that have cards up their sleeves." Doc. No. 18 at 1. Plaintiff does not identify any specific objectionable behavior, but states "[w]hen someone is up to something, they are up to something." *Id*. at 2. Plaintiff's conclusory accusations are insufficient to warrant any relief from the Court at this time.

### 5) Motion to Have Access to Equality in Court [Doc. No. 19]

In this Motion, Plaintiff makes further accusations that opposing counsel is engaging in unethical conduct but does not identify any particular conduct. Plaintiff asks that the "opposing counsel be given a stern warning, and told not to operate in the realm of Elitism." Doc. No. 19 1t 2. Again, Plaintiff's conclusory accusations are insufficient to warrant any relief. The Court reminds both Plaintiff and opposing counsel to act professionally and with courtesy in their interactions during the course of this litigation.

### 6) Motion to Have Access to Court Parking [Doc. No. 20]

Plaintiff requests that "she have access to parking at the Federal Courthouse." Doc. No. 20 at 1. However, the Court has no parking available to the public and therefore, such relief cannot be granted. Plaintiff must utilize the same parking as any other member of the public accessing the Court.

3

### 7)      Motion to Have Cell Phone in Court [Doc. No. 21]

Plaintiff requests permission to have her cell phone on her person during any court proceedings and whenever entering the courthouse. Pursuant to the Court's governing policy on electronic devices, Plaintiff's request is denied.

### 8)      Motion to Have Opposing Counsel's License Pulled and Behavior Reported to the Bar of Respective State(s) [Doc. No. 22]

Plaintiff asks that attorney Scott Williams "have his license pulled and his behavior reported to the bar associations of both Oklahoma and Texas." Doc. No. 22 at 2. As support, Plaintiff claims that Mr. Williams has "reneged on his word given to the court and to the Plaintiff" but fails to identify any specific conduct or provide adequate factual context. Accordingly, no action by the Court is warranted.

### 9)      Motion for Opposing Counsel to be Removed from Case [Doc. No. 23]

In this Motion, Plaintiff again challenges conduct of attorney Scott Williams. She asks that he be removed from the case because of "dishonest behavior in the Federal Court of Western Oklahoma." Doc. No. 23 at 1. She also requests that "his behavior be reported to the Texas and Oklahoma Bar Association, and his license be pulled." *Id*. From what the Court can discern, Plaintiff is unhappy that Mr. Williams has not agreed to a judicial settlement conference. The Court's standard practice is to require a judicial settlement conference only when both parties are in agreement that a settlement conference would be helpful. This practice ensures efficient use of judicial resources. The Scheduling Order [Doc. No. 12] reflects that the Court had referred the case for a judicial settlement conference "by agreement of the parties, with the approval of the Court." *Id*. at 2, ¶ 17.

4

But it appears the parties no longer agree to the same. Plaintiff has failed to identify any unethical conduct and no action by the Court, in that regard, is warranted. The Court directs the parties, however, to file a joint notice, advising the Court whether a judicial settlement conference is requested at this time. The Court reiterates that both Plaintiff and opposing counsel should act professionally and with courtesy in their interactions.

**10)   Motion to Protect Freedom of Speech & Dismiss Opposing Counsel's Suppression Request [Doc. No. 24]**

Plaintiff requests that the Defendants' "recent motion, regarding suppressing what she wrote in her complaint, be dismissed immediately and [their] antics to suppress the truth and Freedom of Speech not be allowed in the Court of the United States." Doc. No. 24 at 2. As the Court previously addressed, Defendants have filed a Motion for Judgment on the Pleadings or, in the Alternative, Motion to Strike and for a More Definite Statement [Doc. No. 14]. Defendants' Motion is proper under the Federal Rules of Civil Procedure and, therefore, Plaintiff's Motion is denied.

In sum, Plaintiff has failed to identify any basis upon which this Court may grant relief.

IT IS THEREFORE ORDERED that Plaintiff's pending Motions [Doc. Nos. 15-24] are DENIED.

IT IS FURTHER ORDERED that within fourteen (14) days of the date of this Order, or by June 10, 2025, the parties shall file a Joint Notice with the Court, advising whether they agree to a judicial settlement conference.

IT IS SO ORDERED this 27th day of May, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE